MICHAEL L. FRADIN (0091739)
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA,

| | |
|---|---|
| LANITRA ADAMS, | CASE NO. |
| *On behalf of herself and all others similarly situated* | JUDGE |
| | MAGISTRATE JUDGE |
| Plaintiff, | |
| v. | **COMPLAINT** |
| QVC, INC. | |
| 1200 Wilson Dr, West Chester, PA 19380 | |
| Defendant. | DEMAND FOR JURY TRIAL |

Now comes Plaintiff, by and through her undersigned counsel, Michael L. Fradin, and for her Complaint against Defendant, QVC, Inc. states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other

similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, ("Pennsylvania Wage Act").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's Pennsylvania Wage Act claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Virginia.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and 43 P.S. § 260.2a.

7. Defendant QVC, Inc. is a corporation for profit organized and existing under the laws of the State of Pennsylvania with a principal place of business in West Chester, Pennsylvania.

8. At times relevant herein, Defendant conducted business in West Chester, Pennsylvania as well as across the Country.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and 43 P.S. § 260.2a.

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Plaintiff's consent is attached as exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant operates call centers that employ customer service representatives (hereinafter "representatives").

15. Defendant also employs representatives who work remotely and perform the same tasks as customer service representatives who work at call centers.

16. Plaintiff was employed by Defendant at their Chesapeake, Virginia customer service call center between June 2019 and March 2020.

17. Plaintiff and other similarly-situated employees were employed as customer service representatives or performed similar tasks as customer service representatives.

18. Plaintiff and other similarly-situated employees are non-exempt employees under the FLSA.

19. Plaintiff and other similarly-situated employees are paid an hourly wage.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

20. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone system.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

22. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

23. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

24. There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly-situated employees.  It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems, applications, and phone system.

25. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

26. Moreover, this unpaid work is an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.  They cannot perform their work without bringing up Defendant's computer systems, applications, and phone system.

27. Plaintiff estimates that she spent approximately 10-20 minutes before her shift start times starting and logging into Defendant's computer systems, numerous software applications,

and phone systems.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

28. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, numerous software applications, and phone system.

29. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

30. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

31. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

32. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and phone system and before and after other meetings and work time.

33. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

34. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.

35. Plaintiff estimates that she spent approximately 10-15 minutes after clock out at the end of her shift shutting down and logging out of Defendant's computer systems, numerous

software applications, and phone system.

**(Failure to Pay for Time Spent working but not logged into computer systems)**

36.     Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees are not paid for all hours worked.

37.     Plaintiff and similarly situated employees are not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and phone system.

**(Failure to Pay Overtime Compensation)**

38.     As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

39.     Plaintiff on average worked at least 40 hours each workweek.

40.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

41.     Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees when not clocked in.

**COLLECTIVE ACTION ALLEGATIONS**

42.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a

member, is composed of and defined as follows:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by QVC, Inc. during the statutory period covered by this Complaint.

44. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

46. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings Counts Two and Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Pennsylvania Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by QVC, Inc. in the State of Pennsylvania during the statutory period covered by this Complaint.

48. The Pennsylvania Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Pennsylvania Class, but upon information and belief, avers that it consists of at least 100 persons.

49. There are questions of law or fact common to the Pennsylvania Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of the Pennsylvania Wage Act, 43 P.S. § 260.1 *et seq.*,.

50. The claims of the named Plaintiff are typical of the claims of other members of the Pennsylvania Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Pennsylvania Class members.

51. The named Plaintiff will fairly and adequately protect the interests of the Pennsylvania Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Pennsylvania Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Pennsylvania Class in this case.

52. The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Pennsylvania Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Pennsylvania Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Pennsylvania Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

56. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

57. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

58. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violate the FLSA, 29 C.F.R. 516.2(a)(7).

59. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

60. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*

63. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*

64. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed when not logged into Defendant's computer systems, applications, and phone system violated the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*

65. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*

66. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the Pennsylvania Wage Act 43 P.S. § 260.1 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents statutory liquidated damages;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
Edward W. Ciolko
Carlson Lynch, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412-322-9243
glynch@carlsonlynch.com
eciolko@carlsonlynch.com

Michael Fradin (0091739)
8 N. Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
Fax: 847-673-1228
Email: mike@fradinlaw.com


Anthony J. Lazzaro (0077962
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com