## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Eastern District of Pennsylvania, Honorable Judge Juan R. Sanchez ("District Court"), Plaintiff Lanitra Adams, individually and on behalf of the Plaintiffs, and Defendants QVC, Inc. QVC Chesapeake, LLC, and QVC San Antonio, LLC, agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Eastern District of Pennsylvania, entitled *Lanitra Adams v. QVC, Inc., et al.*, Case No. 2:21-CV-00646.

2. "Representative Plaintiff" or "Plaintiff" shall mean Lanitra Adams.

3. "Defendants" shall mean QVC, Inc. QVC Chesapeake, LLC, and QVC San Antonio, LLC, and all of their former, current and respective officers, directors, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Plaintiffs" shall consist of the Representative Plaintiff and the 254 Opt-In Plaintiffs.

5. "Parties" shall mean the Representative Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

6. "Plaintiffs' Counsel" are Matthew S. Grimsley, Lori M. Griffin, and Anthony J. Lazzaro of The Lazzaro Law Firm, LLC, Michael L. Fradin of Michael L. Fradin, Attorney at Law, and Edward W. Ciolko and Gary F. Lynch of Carpenter Lynch, LLP.

7. "Defendants' Counsel" are Cullan E. Jones and Dawn Siler-Nixon of Ford Harrison, LLP.

8. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

9. On February 11, 2021, Representative Plaintiff Lanitra Adams commenced this Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

10. In the Action, Representative Plaintiff alleged that Defendants failed to pay her and other similarly situated employees for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219. Specifically, Plaintiff alleges that Defendants failed to pay her and other hourly customer service

representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives for the time allegedly spent before and after their shifts logging in and out of Defendants' computer systems, applications, and phone system.

11.     Representative Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective and/or class treatment. Defendants have denied that the claims asserted in the Action have merit or that the Action is appropriate for collective and/or class treatment, and deny liability, deny that Plaintiffs were improperly compensated under the FLSA, and deny that Plaintiffs suffered damages.

12.     The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA.

13.     Between June 2022 and April 2023, the Parties engaged in informal discovery and a comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims.

14.     Between January 2023 and April 2023, the Parties engaged in extensive settlement negotiations.  On April 17, 2023, the Parties reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

15.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period, which is February 11, 2018 to April 18, 2023.

16.     Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of the claims against Defendants, including researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.  Defendants agree that the Settlement is fair, adequate, and reasonable.

17.     This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

18.     **Settlement Payments to Plaintiffs:** Sixty-Five Thousand Five-Hundred Two Dollars and Fifty Cents ($65,502.50) will be divided into Individual Payments to the Plaintiffs.

19.     **Calculation of Individual Payments:** The Individual Payments have been calculated by Plaintiffs' Counsel and are based proportionally on each Settlement Plaintiffs' alleged overtime damages during the Calculation Period and assuming the three (3) year statute of

limitations applies. Individual Payments are attached hereto as Appendix 1. There will be a minimum payment of $50.00 for any Plaintiffs who are owed less than $50.00.

20. **Calculation Period:** The Calculation Period for the Plaintiffs shall mean the period from February 11, 2018 to April 18, 2023.

21. **Treatment of Individual Payments:** One half of the Individual Payments to Plaintiffs will be treated as payment for wages and the other half as payment for liquidated damages. Defendants will report to the IRS and issue to each of the Plaintiffs an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc., in Box 3, to each of the Plaintiffs for the amount paid as liquidated damages under this Settlement. Plaintiff's counsel will request Form W4's from each Plaintiff and will provide the same to Defendant's counsel as outlined in Paragraph 32. Defendants will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions and/or the Form W4 provided by Plaintiff's counsel, and Defendants are responsible for payment of the employer's share of payroll taxes as required by law. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.

22. **Service Award Payment to Representative Plaintiff:** A separate payment of Five Thousand Dollars ($5,000.00) will be paid to Representative Plaintiff Lanitra Adams as a Service Award Payment, in addition to her Individual Payment, in exchange for signing a general mutual release of all claims against Defendants. Defendants will issue to Representative Plaintiff a Form 1099- Misc., in Box 3, with respect to the Service Award Payment. Plaintiff's counsel will provide a Form W9 for the Named Plaintiff in connection with the Service Award.

23. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Separate payments of One Hundred Fifteen Thousand Dollars ($115,000.00) will be paid to Plaintiffs' Counsel for attorneys' fees and an additional Six Thousand Two Hundred Eighty-Five Dollars and Sixty Cents ($6,365.60) for expenses incurred in the Action. Defendants will issue payments for attorneys' fees and expenses to Plaintiffs' Counsel as follows: (1) one payment in the amount of $74,508.60 shall be made by wire transfer to the Lazzaro Law Firm, LLC for its share of the attorneys' fees and costs; one payment in the amount of $34,500.00 shall be made by wire transfer to Michael L. Fradin, Attorney at Law for its share of the attorneys' fees and costs; and (3) one payment in the amount of $12,357.00 shall be made by wire transfer to Carpenter Lynch, LLP for its share of the attorneys' fees and costs. In advance of such payments, Plaintiffs' Counsel will provide Defendant with executed W-9 forms and wire transfer instructions. Defendants will issue Lazzaro Law Firm, LLC, Michael L. Fradin, Attorney at Law, and Carpenter Lynch, LLP a Form 1099-Misc. for their respective payments for attorneys' fees and costs.

## RELEASE OF CLAIMS

24. **Released Claims by all Plaintiffs:** In exchange for the Individual Payment, the Plaintiffs will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint and Amended Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation,

liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act for the Released Period.

25. **Released Period:** The Released Period for Plaintiff and the Class shall mean the period between February 11, 2018 and April 18, 2023.

26. **Released Claims by Representative Plaintiff and QVC, Inc., QVC Chesapeake, LLC and QVC San Antonio, LLC:** Representative Plaintiff Lanitra Adams and QVC, Inc., QVC Chesapeake, LLC and QVC San Antonio, LLC release and forever discharge each other from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that they may have against each other arising out any fact, condition, circumstance, or occurrence whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, presently asserted or otherwise, except those that by law cannot be released.

27. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

## APPROVAL AND DISMISSAL OF THE ACTION

28. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

29. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

30. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

31. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, with each Party bearing its own costs.

## SETTLEMENT ADMINISTRATION

32. **Administration:**  Within fourteen (14) calendar days of the entry of an Order by the Court approving the Settlement, Plaintiff's Counsel will provide Defendant's counsel with the name and last-known address of each of the Plaintiffs, as well as an accounting of the settlement payments to be made to each of the Plaintiffs; the Service Award Payment to Representative Plaintiff; Form W4's received from Plaintiff's counsel; and attorney's fees and expenses (the **"Class Distribution Statement"**). Defendants will be responsible for (1) determining tax withholding for the Plaintiffs, which will be based on each Plaintiff's most recent tax withholding status with Defendant and/or any Form W4 provided; (2) preparing, printing, and mailing to the Plaintiffs their individual settlement payments along with accompanying correspondence; (3) wiring Plaintiffs' Counsel's respective payments for attorneys' fees and expenses and costs, and mailing (through Defendant's counsel) Representative Plaintiff's Service Award Payment in accordance with this Agreement and the Order of the Court; (4) paying all payroll tax obligations in accordance with applicable law and this Agreement; (5) issuing W-2 and 1099 Forms for all amounts paid to Plaintiffs and Plaintiffs' counsel; (6) maintaining adequate records of its activities, including the dates of mailing, and (7) retaining copies of all endorsed settlement checks. Defendants shall promptly inform its counsel when all settlement checks have been mailed to the Plaintiffs, and Defendants' Counsel will inform Plaintiffs' Counsel of the same.

33. **Distribution of Payments:**  Defendants will mail the settlement payments directly to Plaintiffs, and will wire Plaintiffs' Counsel their respective payments for attorneys' fees and expenses within 30 (30) days of receipt of the Class Distribution Statement.  All Individual Payments shall remain negotiable for a 180-day period after the date of distribution. Individual Payments that have not been cashed within this time frame will become non-negotiable and void. If any checks are returned as undeliverable, Defendants will deliver the check(s) to Plaintiffs' counsel who will make reasonable efforts to redeliver the checks. Any checks that become lost or void during the 180 calendar days after the initial distribution will be reissued to any of the Plaintiffs upon request and without charge to the Plaintiffs.

34. **Unclaimed Payments:** If any of the Plaintiffs fail to negotiate their check for their Individual Payment or inform Plaintiffs' Counsel that their check has become lost or void within 180 calendar days of issue, Defendants will retain the value of every such check.

## PARTIES' AUTHORITY

35. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

36. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and

any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

37. The Parties and Plaintiffs' Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

38. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.

## CONSTRUCTION

39. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

40. If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

41. This Agreement may not be changed, altered, or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

42. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the

Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

43. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

44. his Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

45. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

46. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement.

## SIGNATORIES

47. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. This Agreement shall have the same force and effect as if each of the Plaintiffs executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____          LANITRA ADAMS

                                _____
                                Representative Plaintiff, Individually
                                and on Behalf of the Plaintiffs

Dated: _____    QVC, INC.

_____

By: _____

Its: _____

Dated: _____    QVC CHESAPEAKE, LLC

_____

By: _____

Its: _____

Dated: _____    QVC SAN ANTONIO, LLC

_____

By: _____

Its: _____

Dated: _____    MATTHEW S. GRIMSLEY
                            THE LAZZARO LAW FIRM, LLC

_____
Plaintiffs' Counsel

Dated: _____    CULLAN E. JONES
                            FORD & HARRISON LLP

_____
Defendants' Counsel

*Lanitra Adams v. QVC, INC., et al.*
**Appendix 1**

| Name | Individual Payment |
|---|---|
| Abdul,Richard | $50.00 |
| Adams,Lanitra | $166.90 |
| Albiar,Allen | $172.30 |
| Alexander,Donna | $50.00 |
| Allen,Valerie | $137.42 |
| Alvarez,Leticia | $50.00 |
| Anderson,Chanelle | $50.00 |
| Artis,Demonie | $70.04 |
| Ash,Aaliyah | $65.76 |
| Bacon,Kaelyn | $62.96 |
| Barrett,Shikira | $50.00 |
| Barrett-Battle,Aimee | $50.00 |
| Barrios,Alessandra | $53.54 |
| Benton,Emanuel | $62.50 |
| Benton,Jashawnda | $50.00 |
| Benton-Corley,Tonya | $127.42 |
| Blackwell,Aajee' | $199.24 |
| Blount,Brianna | $50.00 |
| Bonham,Bruce | $252.88 |
| Boone Maynard,Salimu | $50.00 |
| Bosquez,Lee | $50.38 |
| Bouapha,Natalie | $50.00 |
| Boudreau,Liese | $50.00 |
| Boykins,Mary | $50.00 |
| Breaux,Tamera | $50.00 |
| Breeden,Cedric | $50.00 |
| Bridgeman,Marques | $2,780.78 |
| Brittain,Melina | $69.28 |
| Brouillette,Alexis | $267.66 |
| Brown,Cinnamon | $50.00 |
| Brown,Dreama | $195.38 |
| Brown,Lashandra | $50.00 |
| Brown,Schwanda | $50.00 |
| Bruce,Juanita | $50.00 |
| Butler,Charael | $94.48 |
| Canady,Philecia | $50.00 |
| Cannon,Ancelle | $50.00 |
| Cardenas,Jeanette | $50.00 |
| Carrillo,Mary | $50.00 |
| Carter,William | $465.48 |
| Castro,Joshua | $50.00 |
| Castro,Randy | $50.00 |
| Chattman,Jamila | $292.92 |

*Lanitra Adams v. QVC, INC., et al.*

## Appendix 1

| Name | Individual Payment |
|---|---:|
| Clark,Adrienne | $183.30 |
| Clark,Tylicia | $949.50 |
| Clever,Colene | $1,018.88 |
| Cobarrubias,Esteban | $125.96 |
| Coleman,Ebony | $50.00 |
| Coley,Sonya | $50.00 |
| Conway,Heather | $173.22 |
| Cook,Susan | $66.02 |
| Cooper,Teaira | $97.14 |
| Corral,Aritza | $50.00 |
| Cruz,Daniela | $148.24 |
| Dabney,Deborah | $915.38 |
| Davies,Theresa | $427.64 |
| Davis,Emonie | $90.20 |
| Davis,Tamika | $50.00 |
| Dawson,Missouri | $50.00 |
| Deal,Maryann | $559.52 |
| Delarosa,Laura | $50.00 |
| Deshields,Ashley | $50.00 |
| Diggs,Tiffany | $88.18 |
| Doty,Tamara | $375.18 |
| Dowdy,Marilyn | $50.00 |
| Draughn,Courtnay | $50.00 |
| Dunlop,Donna | $327.14 |
| Dunn,Cynthia | $239.96 |
| Dunn,Trena | $648.98 |
| Echols-Pasteur,Shanequah | $50.00 |
| Eckert,Vickie | $166.68 |
| Ecklin,Terri | $347.30 |
| Edmonds,Michael | $437.28 |
| Edwards,Claire | $154.24 |
| Edwards,Samantha | $50.00 |
| Eggleston,Roslyn | $50.00 |
| Ellis,Sandy | $50.00 |
| Fairley Iii,Mitchell | $50.00 |
| Farris,Jennifer | $50.00 |
| Flores,Jillian | $318.78 |
| Flores,Mia | $50.00 |
| Ford,Jacqulyn | $318.62 |
| Foster,Natalie | $50.00 |
| Fries,Timothy | $11,635.42 |
| Fuller,Martha | $50.00 |
| Gaitan,Margaret | $135.30 |

*Lanitra Adams v. QVC, INC., et al.*
## Appendix 1

| Name | Individual Payment |
|---|---:|
| Gamble,Karen | $170.12 |
| Garrett,Jazmine | $85.02 |
| Ghazali,Amena | $50.00 |
| Giles,Brittany | $50.00 |
| Gonzalez,Jazmine | $50.00 |
| Gregg,Lafonda | $284.24 |
| Griffin,La'Kesha | $204.58 |
| Griffin,Tina | $97.62 |
| Grinder,Annette | $50.00 |
| Gutierrez,Allison | $79.10 |
| Gutierrez,Raymond | $50.00 |
| Hairston,Latisha | $50.00 |
| Hansen,Cheryl | $113.90 |
| Harris,Gloria | $50.00 |
| Harry,Kathryn | $69.28 |
| Harvey,Jasmine | $50.00 |
| Hawkins,Myra | $50.00 |
| Haynes,Terry | $834.48 |
| Hedge,Connie | $1,040.42 |
| Herrera,Melinda | $50.00 |
| Hicks,Jasmine | $58.22 |
| Hines,Jennifer | $50.00 |
| Hinson,Shenequa | $50.00 |
| Holman Jr., Timothy | $112.70 |
| Houston,Jokayla | $50.00 |
| Hudlin,Lakieva | $50.00 |
| Isaac,Kathryne | $50.00 |
| Islam,Amina | $53.94 |
| Jackson,Janette | $630.50 |
| Jackson,Sonja | $173.06 |
| Jacoby,Marie | $50.00 |
| James,Angela | $150.52 |
| James,William | $116.52 |
| Jenicek,John | $50.00 |
| Jenkins,Keisha | $50.00 |
| Jenkins-Harris,Audrey | $265.64 |
| Johnson,Latoya | $170.60 |
| Johnson,Monica | $50.00 |
| Johnson,Omni | $50.00 |
| Jones,Erika | $89.84 |
| Judge,Devon | $1,133.72 |
| Kelly,Ayana | $50.00 |
| Kelly,Fairon | $494.94 |

*Lanitra Adams v. QVC, INC., et al.*
**Appendix 1**

| Name | Individual Payment |
|---|---:|
| Kennedy,Barbara | $233.66 |
| Kennedy,Kimberly | $320.98 |
| King,Tyquaeza | $50.00 |
| Knowlton,James | $463.66 |
| Larsen,Timothy | $319.50 |
| Leary,Cymone | $50.00 |
| Lee,Carchell | $529.78 |
| Lee,Jerry | $50.00 |
| Lee,Melanie | $50.00 |
| Lerma,Linda | $50.00 |
| Liendo,Eloisa | $50.00 |
| Lopez,Justice | $363.10 |
| Luckett,Gwendolyn | $462.26 |
| Mabry,Shatina | $50.00 |
| Maddux,Ivette | $50.00 |
| Magallanes,Haley | $97.60 |
| Martinez,Adriana | $50.00 |
| Martinez,Clara | $50.00 |
| Mccallan,Zanada | $50.00 |
| Mccollum,Symone | $287.42 |
| Mcdonald,Georgina | $379.54 |
| Medrano,Elaine | $723.10 |
| Melendez,Deanna | $347.02 |
| Melendez,Kevin | $50.00 |
| Mizell,Santita | $94.86 |
| Montalvo,Mary | $808.30 |
| Montez,Erlinda | $50.00 |
| Murphy,Chania | $50.56 |
| Murray,Diane | $296.16 |
| Murray,Nijala | $636.28 |
| Myers,Alexandria | $144.88 |
| Myers,Ryan | $50.00 |
| Nelson,Joyce | $3,072.20 |
| Nerio Jr.,Reynaldo | $50.00 |
| Oakley,Malasia | $73.32 |
| Orque,Christina | $138.56 |
| Overton,Deirdre | $1,579.98 |
| Palacios,Promise | $50.00 |
| Parker,Angela | $879.32 |
| Parker,Shiella | $50.00 |
| Patrick,Roderick | $50.00 |
| Patterson,Regina | $217.34 |
| Peerman,Antwon | $50.00 |

*Lanitra Adams v. QVC, INC., et al.*
## Appendix 1

| Name | Individual Payment |
|---|---|
| Pennant,Myrna | $50.00 |
| Perez,Patricia | $575.74 |
| Perez,Tony | $50.00 |
| Perry,Lakeisha | $184.42 |
| Pierce,Danielle | $50.00 |
| Poindexter,Tahanna | $50.00 |
| Pope,Crystal | $283.08 |
| Preau,Candice | $50.00 |
| Proctor,Faith | $170.96 |
| Pruitt,Joshua | $50.00 |
| Reichman,Aubrey | $50.00 |
| Reid,Gwenda | $363.02 |
| Revels,Wanda | $319.12 |
| Reyna,Reynaldo | $50.00 |
| Robins,April | $532.10 |
| Robinson,Veronica | $50.00 |
| Robledo,Robert | $103.36 |
| Rose,Jo | $50.00 |
| Rucker-Faulk,Brytnee | $50.00 |
| Russell,Michele | $417.80 |
| Salas,Robert | $50.00 |
| Sanchez,Alison | $50.00 |
| Scheese,Michael | $50.00 |
| Scott,Keoni | $50.00 |
| Shambley,Daquan | $125.96 |
| Smith,Malithia | $50.00 |
| Smith,Solace | $176.38 |
| Smith,Tammy | $50.00 |
| Spence,Dominique | $100.76 |
| Spruill,Kimberly | $50.00 |
| Standaert,Michael | $81.84 |
| Stepney,Jerrica | $932.38 |
| Stokes,Arnella | $50.00 |
| Stokes,Chasity | $50.00 |
| Strand,Shakea | $50.00 |
| Straughter,Candyce | $50.00 |
| Stroy,Chad | $50.00 |
| Sturgis,Terica | $50.00 |
| Suggs,Tanya | $50.00 |
| Swanson,Almalene | $421.28 |
| Swinea,Serena | $67.08 |
| Taylor,Kaire | $398.74 |
| Taylor,Tiffany | $50.00 |

*Lanitra Adams v. QVC, INC., et al.*

**Appendix 1**

| Name | Individual Payment |
|---|---|
| Taylor-Brown,Mosi | $1,275.18 |
| Tebbs,Amy | $50.00 |
| Teneyuque,Gabriel | $50.00 |
| Theriault,Deborah | $50.00 |
| Thomas-Hill,Kimberley A | $350.12 |
| Thompson,Tracee | $1,112.80 |
| Todd,Enjoli | $69.28 |
| Torres,Anna | $85.06 |
| Torres,Gilbert | $455.16 |
| Tovar,Marissa | $50.00 |
| Trevino,Tiffany | $227.66 |
| Turner Pittman,Patricia | $50.00 |
| Urrutia,Adela | $166.02 |
| Valverde,Alexandra | $50.00 |
| Vasquez,Sandra | $122.84 |
| Wade,Richard | $693.56 |
| Walker,Jasmine | $50.00 |
| Wallace,Shaelbra | $843.46 |
| Walton,Melvin | $188.06 |
| Ward,Tyquan | $108.46 |
| Warren,Daun'Lee | $50.00 |
| Wheeler,Adreanna | $50.00 |
| White,Sharon | $495.90 |
| Whitney,Melanie | $160.40 |
| Wildesen,Gabirella | $50.00 |
| Wilkins,Maurio | $62.58 |
| Williams,Althea | $50.00 |
| Williams,Mary Jane | $321.34 |
| Williams,Nicholas | $50.00 |
| Williams,Quanashay | $50.00 |
| Williams,Sonya | $50.00 |
| Williams,Susette | $697.64 |
| Wilson,Sabrina | $1,262.06 |
| Wilson,Stacie | $50.00 |
| Wilson-Maze,Calicia | $50.00 |
| Wohlfarth,Brian | $50.00 |
| Woods,Kelly | $50.00 |
| Ybarra,Priscilla | $264.64 |
| Young,Brandi | $50.00 |
| Zuniga,Rita Marre | $452.54 |