IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANITRA ADAMS, on behalf of herself and all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QVC, INC., et al.<br><br>　　　　　Defendants. | Civil Action No. 2:21-CV-00646<br><br>Hon. Judge Juan R. Sanchez<br><br>**ORDER OF DISMISSAL AND APPROVING   SETTLEMENT** |

　　　　THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), and the Declarations of Plaintiffs' Counsel, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

　　　　1.　　On February 11, 2021, Representative Plaintiff Lanitra Adams initiated this collective action against Defendant QVC, Inc. for allegedly failing to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff later filed an Amended Complaint adding QVC Chesapeake, LLC, and QVC San Antonio, LLC as additional named Defendants.  (Doc. 54.)

　　　　2.　　Plaintiff alleged that Defendants failed to pay hourly customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives for the time spent not logged into Defendants' call programs, including time spent before and after their shifts logging in and out of Defendants' computer

systems, applications, and phone system.

3. Defendants deny liability, deny that Plaintiff suffered damages, and allege, *inter alia*, that Plaintiff were properly compensated under the FLSA and that any time spent working off the clock was *de minimis* and not compensable under the FLSA.

4. On June 23, 2021, Plaintiff filed a Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification"). (Doc. 27.) Thereafter, on July 28, 2021, Defendant QVC, Inc. filed a Response in Opposition to Plaintiff's Motion for Conditional Certification (Doc. 32); on August 13, 2021, Plaintiff filed a Reply in Support of the Motion for Conditional Certification (Doc. 35); on September 7, 2021 Defendant QVC, Inc. filed a Sur-Reply (Doc. 38); and on December 7, 2021, the Court held a hearing on Plaintiff's Motion for Conditional Certification (Doc. 43).

5. On December 14, 2021, the Court entered an Order granting Plaintiff's Motion for Conditional Certification, thereby conditionally certifying a collective class consisting of:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by QVC, Inc. during the past three (3) years.

6. Following the Court's December 14, 2021 Order, the Parties filed a Joint Stipulation to Permit Plaintiff to File Amended Complaint adding Defendant QVC, Inc.'s subsidiaries, QVC Chesapeake, LLC and QVC San Antonio, LLC, as additional Defendants. (Doc. 49.) The Parties also filed a Joint Motion to Modify Definition of Conditionally Certified Collective Class and Approve the Amended Proposed Notice. (Doc. 50.) Specifically, the Parties requested that the conditionally certified collective class be modified and defined as follows:

> All former and current customer service representatives or persons with jobs

    performing substantially identical functions and/or duties to customer service representatives employed by QVC, Inc., QVC Chesapeake, LLC, and/or QVC San Antonio, LLC during the past three (3) years.

  7. On January 14, 2022, the Court entered an order approving the Parties Joint Stipulation to Permit Plaintiff to File Amended Complaint. (Doc. 51.) Plaintiffs' Amended Complaint was filed on January 18, 2023. (Doc. 54.)

  8. On January14, 2022, the Court entered an order granting the Parties Joint Motion to Modify the Definition of the Conditionally Certified Collective as requested, and approving the parties' Amended Proposed Notice. (Doc. 53.)

  9. On February 23, 2022, the notice was sent to 2,706 putative collective class members via First Class Mail and email. The Notice period closed on April 9, 2022. In addition to Representative Plaintiff, there are 254 Opt-In Party Plaintiffs.

  10. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement.

  11. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information, which included time and pay records for Plaintiffs, and a complete analysis and calculation of Plaintiffs' alleged overtime damages.

  12. The Parties advise this Court that they engaged in extensive legal discussion, which included several communications between counsel for the Parties.

  13. The Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to their Joint Motion for Approval.

  14. The Parties stipulate to this Court that a bona fide disputes exist between the them, including, *inter alia*: whether Defendants violated the FLSA; whether Representative Plaintiff and

the Opt-In Party Plaintiffs performed pre/post-shift work that is compensable under the FLSA; the amount of time Plaintiffs spent performing the alleged pre/post-shift work; whether the time spent performing the alleged pre/post-shift work was *de minimis* and not compensable; whether Defendants' alleged policies and Plaintiffs alleged failure to adhere to Defendants' alleged policies precludes a finding of liability; the amount of potential damages including whether Plaintiffs are entitled to any overtime compensation; whether Defendants acted willful, and thus, whether the two (2) year or three (3) year statute of limitations applies; and, if Plaintiffs were to succeed on the merits, whether they would be entitled to liquidated damages or whether Defendants have a good faith defense that would preclude an award of liquidated damages.

15. The Court hereby accepts and approves the proposed Settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

16. The Court orders that the Settlement Payments be distributed to the Plaintiffs in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

17. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

18. The Court approves the Service Award Payment to Representative Plaintiff Lanitra Adams in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

19. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending

deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this <u>11th</u> day of <u>August</u>, 2023

                                            Juan R. Sanchez
                                            _____
                                            Judge Juan R. Sanchez
                                            United States District Court